IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eshawn Jessica Scipio, | Case No.: 4:25-cv-01667-JD |
| Plaintiff, | |
| vs. | ORDER AND OPINION |
| Erin O'Neal Gaddy, Esq., in her individual and official capacity; Michael Battle, in his individual and official capacity, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 10), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the Magistrate Judge's pre-service screening of Plaintiff Eshawn Jessica Scipio's ("Plaintiff" or "Scipio") Complaint under 28 U.S.C. § 1915.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Scipio, a *pro se* litigant proceeding *in forma pauperis*, filed this action on March 12, 2025. The Complaint contains 45-typed pages and makes repetitive

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

reference on nearly every page to different filings within Case No. 4:23-cv-1223-JD-TER ("2023 Action"), and attached 124 pages of exhibits, which are mostly from the 2023 Action. As it relates to the 2023 Action, the Court previously granted summary judgment to defendants on Plaintiff's 42 U.S.C. § 1982, equal protection under 42 U.S.C. § 1983, and the FHA, 42 U.S.C. §§ 3604 & 3617 claims; Plaintiff's due process claim under the Fourteenth Amendment remains pending in the 2023 Action.

Rather than contesting the Court's summary judgment ruling in the 2023 Action under the Federal Rules of Civil Procedure, Plaintiff filed the instant action, which appears to be an attempt to relitigate parts of the 2023 Action. In this action, Plaintiff is suing attorney Battle, who represented defendants in the 2023 Action, and attorney Gaddy, who represented defendants as the plaintiff in a separate 2023 state court action against Scipio.

### B. Report and Recommendation

On March 14, 2025, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. (DE 8.) The Report concluded that Plaintiff failed to state a cognizable claim against the attorney defendants because private attorneys, even when representing state actors, do not act under color of state law for purposes of 42 U.S.C. § 1983. *See Doe v. McGowan*, No. 2:16-CV-00777-RMG, 2017 WL 571487, at *2 (D.S.C. Feb. 13, 2017) (citing *Jenkins v.*

*McDonald Patrick Poston Hemphill & Roper LLC*, No. 5:14-cv-04498-RMG-KDW, at *3 (D.S.C. Feb. 5, 2015)).

The Magistrate Judge further observed that, to the extent Plaintiff seeks to relitigate claims following a partial adverse ruling in the 2023 Action previously filed in this Court, such claims are impermissible. The Report noted that both the present action and the 2023 Action are predicated on substantially similar facts and allegations, and therefore implicate the rule against claim splitting. The United States Court of Appeals for the Fourth Circuit has explained that the rule against claim splitting "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008)). This doctrine is a corollary of the principle of res judicata. *Id.* It is well-established that a district court has discretion to dismiss a suit that is duplicative of another federal court action. See *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

The Report emphasized that while Plaintiff retains the opportunity to file appropriate and timely motions in the 2023 Action—such as seeking reconsideration of the Court's March 10, 2025, order—a new action seeking to relitigate previously adjudicated claims is not procedurally or legally appropriate.

### C.  Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to

3

further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D. Plaintiff's Objections**

Upon careful review of Plaintiff's ten-page objection (DE 10), the Court discerns two principal objections, each of which is addressed in turn. First, Plaintiff objects to the Report's conclusion that the attorney defendants are not state actors for purposes of liability under 42 U.S.C. § 1983. (DE 10 at 2.) While Plaintiff cites general authority supporting the proposition that private parties may, in some circumstances, act under color of state law, she fails to cite any authority that undermines the well-established rule that "[a] private attorney representing state actors does not act under color of state law for § 1983 purposes." *Doe v. McGowan*, No. 2:16-CV-00777-RMG, 2017 WL 571487, at *2 (D.S.C. Feb. 13, 2017) (citing *Jenkins v. McDonald Patrick Poston Hemphill & Roper LLC*, No. 5:14-cv-04498-RMG-KDW, at *3 (D.S.C. Feb. 5, 2015)). Plaintiff has not identified any factual or

4

legal basis that would distinguish the attorney defendants' conduct from that of a private attorney representing government clients in a traditional legal capacity. Accordingly, this objection is overruled.

Second, Plaintiff objects to the Report's determination that the claims presented in this action are duplicative of matters previously raised in the 2023 Action. Plaintiff contends that the instant lawsuit asserts "new claims against new Defendants." (DE 10 at 6.) Specifically, she alleges that Defendants Gaddy and Battle violated her privacy, civil, and constitutional rights by engaging in racial discrimination, including by disclosing, inspecting, and disseminating her HUD Public Housing and Section 8 records without her knowledge, verification, or written consent. (*Id.*) Plaintiff further asserts that Defendants withheld key documents—including the "EIV Income Report, the Income Discrepancy Report, and Summary Report"—on the basis of her race, which she contends negatively impacted the outcome of her prior civil and eviction proceedings. (*Id.* at 8.)

While Plaintiff's allegations are serious, the objection fails to undermine the Report's legal conclusion that the doctrine against claim-splitting precludes re-litigation of issues arising from the same factual nucleus previously raised in the 2023 Action. Moreover, Plaintiff has again offered no legal authority to challenge the determination that the attorney defendants cannot be deemed state actors solely by virtue of their representation of government entities. Accordingly, this objection is also overruled.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 8) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint (DE 1) is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 20, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.